FILED

2022 Jul-13  PM 03:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

JONATHAN BARNES,

     PLAINTIFF,

VS.                    CV NO.:

PLEDGER TRUCKING INC., &
MONEY PLEDGER,

     DEFENDANTS.           JURY TRIAL DEMANDED

## COMPLAINT

## I.   JURISDICTION

1.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA.

## II.   PARTIES

2.   Plaintiff, Jonathan Frank Barnes, (hereinafter, "Plaintiff") is a resident of Jasper, Walker County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus,

pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Division.

3.      Defendant Pledger Trucking, Inc. d/b/a Pledger's Hauling and Excavating and Tree Service (hereinafter, "Pledger Trucking") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s). Therefore, this Court has jurisdiction over Defendant.

4.      Defendant Money Pledger (hereinafter, "Pledger"), is an individual and resident of Jasper, Walker County, Alabama, as well as the owner of Pledger Trucking, Inc.; he supervised the day-to-day operations of Pledger Trucking, including the setting of Defendant Pledger Trucker Inc.'s compensation policies, meaning that he is an employer as defined by the FLSA.

## III.  STATEMENT OF FACTS

5.      Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-4 above.

6.      Defendants Pledger Trucking and Pledger (collectively hereinafter, "Defendants) hired Plaintiff on or about August 19, 2019.

7.      Plaintiff resigned his employment on March 25, 2022.

8.      Defendants provide excavation and hauling services within the state of Alabama.

9.      Defendants employed Plaintiff as a laborer and heavy machine operator.

10.     At all times during the employment relationship, Defendant incorrectly classified Plaintiff as an independent contractor.

11.     At all times during the employment relationship, Plaintiff performed work exclusively for Defendants.

12.     Defendants scheduled Plaintiff to work Monday through Friday, beginning approximately 6:30 a.m. and ending at approximately 5:00 p.m. or later for each workweek for most, if not all, workweeks during Plaintiff's employment.

13.     Defendants scheduled Plaintiff to work Saturday shifts beginning at approximately 6:30 a.m. and ending at approximately 3:00 p.m. for each workweek for most, if not all, workweeks during Plaintiff's employment.

14.     Approximately once a month, Defendants scheduled Plaintiff to work on Sunday for various amounts of time.

15.     Plaintiff regularly worked the hours that Defendants scheduled him to work.

16.     Plaintiff performed work Monday through Friday regardless of whether Defendants had an active excavating and hauling project.

17.     When Defendants did not have active excavating and hauling projects, Defendant Pledger instructed Plaintiff to perform labor in Defendants' workshop.

18.     Defendants required Plaintiff to submit his time worked to Pledger via text message at the end of each day.

19.     Defendants paid Plaintiff on an hourly basis.

20.     Defendants initially paid Plaintiff a rate of $16.00 per hour.

21.     As of the date of Plaintiff's resignation, Defendants paid Plaintiff an hourly rate of $18.00.

22.     Defendants paid Plaintiff on a weekly basis.

23.     Defendants paid Plaintiff via check.

24.     Defendants held all risk of profit or loss associated with excavation and hauling projects.

25.     Defendants provided all materials and equipment necessary to complete assignments.

26.     Defendants supplied all the materials and equipment necessary for excavation and hauling projects such as shovels, rakes, and other tools, gasoline, and heavy machinery, which moved through interstate commerce.

27.     During the three years preceding the filing of this Complaint, Plaintiff typically worked over forty hours in a workweek.

28.     Defendants failed to pay Plaintiff one- and one-half times his regular hourly rate for all hours worked over forty during a workweek.

29.     When Plaintiff or other laborers questioned Pledger about overtime, Pledger informed them that they could "go get it somewhere else."

30.     Defendants did not grant Plaintiff the authority to hire employees for the benefit of Pledger Trucking.

31.     Defendants did not grant Plaintiff the authority to terminate employees for the benefit of Pledger Trucking.

32.     Defendants did not place two or more employees under the supervision of Plaintiff.

33.     Plaintiff's labor performed for the benefit of Defendants was entirely manual in nature and consisted of little or no administrative paperwork.

34.     Defendants did not grant Plaintiff the authority to sign checks or otherwise engage in transactions for its benefit.

35.     As part of his job duties, Plaintiff did not keep production records or sales records for any employee of Defendant Pledger.

36.     Plaintiff did not distribute materials, merchandise or supplies to employees in order to maintain control of any of Defendants' employees' use of such expenditures.

37.     Plaintiff's job duties did not require him to provide for the security and/or safety of Pledger Trucking's employees.

38.     Plaintiff did not plan or control any aspect of any portion of Defendant Pledger's operational budget.

39.     Plaintiff did not monitor or implement legal compliance as part of his job duties performed for the benefit of Defendants.

40.     Plaintiff did not engage in the management or general business operations for the benefit of Pledger Trucking, in regard to tax, finance, accounting, budgeting, or auditing.

41.     Plaintiff did not engage in the management or general business operations for the benefit of Pledger Trucking, regarding insurance, purchasing, procurement, or quality control.

42.     Plaintiff did not engage in the management or general business operations for the benefit of Pledger Trucking, regarding advertising or marketing.

43.     Plaintiff did not engage in the management or general business operations for the benefit of Pledger Trucking, regarding safety and/or health, personnel management, human resources, employee benefits, labor relations, public relations government relations and/or regulatory compliance.

44.    Plaintiff did not engage in the management or general business operations for the benefit of Pledger Trucking, regarding computer networking and database administration.

45.    Pledger Trucking is a motor carrier as defined by 49 U.S.C. § 13102.

46.    Defendants are registered with the United States Department of Transportation as an <u>Intrastate Carrier</u> of non-hazardous materials.[1]

47.    Pledger Trucking owns/leases and operates several large motor vehicles subject to the FMCSA.

48.    Defendants provide "demolition, debris & brush removal, grade work, land & lots clear[ing], tree work, [grave digging]" services to private citizens within the state of Alabama.

49.    Defendants haul red rock, sand, gravel, top soil, fill dirt, mulch, rip-rap, and pea gravel to and from private property within the state of Alabama.

50.    Defendants additionally build and repair driveways, install septic tanks, and cleanup burnt houses within the state of Alabama.

51.    Any materials hauled away from customers' properties are brought back to Defendants' office and placed in a landfill behind the property.

---

[1]
https://safer.fmcsa.dot.gov/query.asp?searchtype=ANY&query_type=queryCarrierSnapshot&query_param=USDOT
&original_query_param=NAME&query_string=1247656&original_query_string=PLEDGER%20TRUCKING%20I
NC (last accessed July 13, 2022).

52.     Plaintiff's regular job duties consisted of manual labor on job sites, the operation of heavy machinery on job sites, and traveling to and from job sites.

53.     From August 19, 2019 through March 25, 2022, Defendants typically employed one or more employees as a mechanic.

54.     Defendants' mechanics were responsible for performing the maintenance necessary to affect the safe operation of Defendants motor vehicles on public highways.

55.     Defendants' mechanics typically did not perform any manual labor at worksites.

56.     To the extent Plaintiff performed labor regarding the maintenance of Defendants' motor vehicles, the labor consisted solely of non-discretionary tasks such as changing headlights bulbs and checking the batteries.

57.     From August 19, 2019 through March 25, 2022, Defendants typically employed one or more employees as a driver.

58.     Defendants' drivers were responsible for transporting Defendants' equipment and heavy machinery to and from worksites.

59.     Defendants' drivers typically did not perform any manual labor at worksites.

60.     To the extent Plaintiff drove Defendants' motor vehicles, he did not have a "reasonable expectation" to drive outside of the State of Alabama.[2]

61.     Defendants' motor vehicles are not involved in the interstate transportation of goods moving through commerce

62.     Defendants' employees that operate the above referenced motor vehicles are not required to hold a valid Commercial Driver's License.

63.     Defendants' employees that operate Defendants' motor vehicles are not required to submit to a United States Department of Transportation medical physical examination.

64.     Defendants' employees that operate Defendants' motor vehicles are not required to maintain a logbook recording their hours operating the vehicle.

65.     Defendants' employees that operate Defendants' motor vehicles are not required to complete daily pre-trip vehicle inspection reports prior to the daily operation of the vehicles.

66.     Defendants' motor vehicles do not connect with an intrastate terminal (such as a railyard, airport, seaport, or truck terminal) to continue an interstate journey of goods that have yet come to rest at a final destination.

---

2 *Morrison v. Quality Transp. Servs.*, 474 F. Supp. 2d 1303, 1309 (S.D.F.L. 2007)(the Secretary of Transportation's "jurisdiction extends only to drivers who reasonably could be expected to make one of the carrier's interstate runs, and that means more than a remote possibility.")(internal quotations omitted)

## IV.   COUNT ONE – FLSA – Overtime Violations

67.    Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1-66 above.

68.    During the three years preceding the filing of this Complaint, Pledger Trucking was an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. § 203(s)(1).

69.    During the three years preceding the filing of this Complaint, Pledger Trucking has been a company wherein two or more employees, including the Plaintiff, are engaged in interstate commerce and whose employees handle and/or work on goods and materials that have been moved in and/or produced in commerce.

70.    Pledger Trucking's gross annual volume of revenue, on a rolling quarterly basis, exceeded $500,000 for the quarters ending on September 30, 2018, December 31, 2018, March 31, 2019, June 30, 2019, September 30, 2019, December 31, 2019, March 31, 2020, June 30, 2020, September 30, 2020, December 31, 2020, March 31, 2021, June 30, 2021, September 30, 2021, December 31, 2021, March 31, 2022 and June 30, 2022.

71.    At all times relevant to this action, Defendants were an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

72.    During the three years preceding the filing of this Complaint, Plaintiff, and all others similarly situated laborer and heavy machine operator were employees of Defendants as defined by 29 U.S.C. § 203(e)(1).

73.    During the three years preceding the filing of this Complaint, Defendants recorded Plaintiff's hours worked in excess of forty hours for a workweek on at least one or more occasion.

74.    Defendants failed to pay Plaintiff one- and one-half times his regular hourly rate for all hours worked over forty during a workweek.

75.    As the result of Defendants' willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime premium pay.

## V.    PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A.    The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B.    This Court award Plaintiff the amount of his unpaid overtime premium, liquidated damages equal to the amount of all unpaid wages; nominal damages; and special damages;

C.    That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest; and

D.      For such other and further relief as this Court deems equitable, proper and just.


Allen D. Arnold


Whitney Morgan


**OF COUNSEL:**

ALLEN D. ARNOLD, LLC
6 Office Park Circle, Ste 209
Birmingham, Alabama 35223
T: (205) 252-1550
F: (205) 469-7163
ada@allenarnoldlaw.com
whitney@allenarnoldlaw.com

## PLAINTIFF REQUESTS TRIAL BY STRUCK JURY

_____
                    OF COUNSEL

**DEFENDANTS ADDRESSES:**
Pledger Trucking, Inc. d/b/a Pledger's
Hauling and Excavating and Tree
Service
c/o Angel Pledger
2545 Pineywoods Sipsey Rd
Jasper, AL 35504


Money Pledger
2545 Pineywoods Sipsey Rd
Jasper, AL 35504